UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


KENNER ACQUISITIONS, LLC                      CIVIL ACTION


VERSUS                                        NO: 06-3927


BELLSOUTH TELECOMMUNICATIONS,                 SECTION: "R"(3)
INC.



## ORDER AND REASONS

Before the Court is defendant's motion to stay or dismiss
federal proceedings in this case pending resolution of a pending
action in Louisiana state court.  Defendant further moves to
dismiss the proceedings for lack of subject matter jurisdiction.
Defendant also moves for summary judgment.  For the following
reasons, the Court GRANTS the defendant's motion to stay the
case, and DENIES the other motions.


## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2006, Kenner Acquisitions sued BellSouth
Telecommunications in this Court.  The complaint arises from a
dispute over the placement of fiber optic cables underground on

property purchased by Kenner Acquisitions in 2004.  Kenner
Acquisitions alleges that BellSouth's predecessor, South Central
Bell, received permission from the Pontchartrain Levee District
to lay the cable.  Because the property was actually owned by
Schwegmann Giant Supermarkets, however, Kenner Acquisitions
alleges that the Levee District had no authority to permit South
Central Bell to lay the cable.  Kenner Acquisitions further avers
that neither it nor Schwegmann has ever granted South Central
Bell or BellSouth permission to lay the cable on the property,
and that there is no recorded encumbrance or servitude associated
with the cable on the property.

On July 24, 2006, Kenner Acquisitions sued BellSouth in this
Court, seeking injunctive relief and damages for BellSouth's
alleged trespass.  BellSouth moved to stay this suit pending the
outcome of a state court proceeding originally entitled
*Schwegmann Giant Super Markets, Inc. v. Board of Commissioners
for the Jefferson Levee District, et al.*.  In 2004, after the
sale of the property, Schwegmann's assigned its claim and
substituted Kenner Acquisitions as plaintiff.  In the suit,
Kenner Acquisitions asserts that, when the preceding owner sold
the property to Schwegmann's, it did so with full warranty of
title.  Kenner Acquisitions also asserts that any alleged
expropriation by the Levee Board was not recorded until 1996.

2

The suit seeks a declaration against the Levee Board that Kenner Acquisitions is the owner of the property or, in the alternative, damages from the owner that sold to Schwegmann, Georgia-Pacific Corporation.  BellSouth is not a party to the state suit.

BellSouth now moves to stay or dismiss this suit pending resolution of the proceedings in state court.  BellSouth asserts that stay or dismissal is proper under the Supreme Court's holding in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  Alternatively, BellSouth asserts that stay or dismissal is proper under the Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971).  BellSouth also argues that this Court lacks subject matter jurisdiction over plaintiff's claims because the claims have not yet ripened. Finally, BellSouth argues that it is entitled to summary judgment because Kenner Acquisitions cannot establish that it owns the subject property, which is an essential element of its claims.

## II.  DISCUSSION

### A.  BellSouth's Motion to Stay

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236 (1976).  "However, in 'extraordinary and narrow'

3

circumstances, a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding . . . ." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (quoting *Colo. River*, 424 U.S. at 813).  The court's decision whether to abstain should be based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219 (1952)).

     The Court finds that the principles of *Colorado River* authorize it to abstain from exercising jurisdiction on the facts presented here.  For a Court to abstain from exercising jurisdiction under Colorado River, it must first find that the federal and state court actions are "parallel." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).  Ordinarily, actions are parallel when the same parties are litigating the same issues. *American Guarantee & Liability Ins. Co. v. ANCO Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005).  The Fifth Circuit has noted, however, that "there need not be applied in every instance a mincing insistence on precise identity of these." *RepublicBank Dallas Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (per curiam).  In this case, the proceedings, while not

4

absolutely symmetrical, consist of substantially the same parties litigating substantially the same issues. *See Caminiti and Iatarola, Ltd. v. Behnke Warehousing*, 962 F.2d 698, 700-01 (7th Cir. 1992). Of central concern is whether there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985) (citation omitted); *see also Canaday v. Koch*, 608 F.Supp. 1460, 1475 (D.C.N.Y. 1985) ("Where the interests of the plaintiffs in each of the suits are congruent, Colorado River abstention may be appropriate notwithstanding the nonidentity of the parties."), *aff'd sub nom. Canaday v. Valentin*, 768 F.2d 501 (2d Cir. 1985). Kenner Acquisitions is the plaintiff in both cases. Although BellSouth is not a party to the state case, it is in privity with the Levee Board as the grantee of a servitude from the Levee Board. As such, BellSouth's title rises or falls with that of the Levee Board, and it will be bound by the decision of the state court as to the ownership of the property under the doctrine of res judicata. *See Noel v. Jumonville Pipe & Machinery Co.*, 245 La. 324, 337 (1963) ("'Privity' is also defined as meaning a successive relationship to, or ownership of, the same property from a common source . . . .") (citation omitted); *see also Smith v. Parish of Jefferson*, 889 So.2d 1284,

1287-88 (La. App. 5 Cir. 2004) ("'Privity' is the successive relationship to the same right of property, such as when one acquires an interest in the subject matter affected by the judgment through one of the parties, as by inheritance, succession, purchase, or assignment."). Thus, the Court finds that the two actions are parallel.

The Court must next determine whether exceptional circumstances exist that would permit the court to decline jurisdiction. There are six factors to consider in making this determination: (1) the assumption by either court of jurisdiction over a *res*, (2) the relative inconvenience of the forums, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *See Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). The Court will consider each factor in turn.

### 1.   *Jurisdiction over property*

As to the first factor, this case implicates the rule that once a court, state or federal, has assumed jurisdiction over property, then that court may exercise its jurisdiction to the

exclusion of any other court and "the *res* in question is withdrawn from the jurisdiction of any other court." *Smith v. Humble Oil and Refining Co.*, 425 F.2d 1287, 1288 (5th Cir. 1970) (citing *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456 (1939)) (citations omitted); *see also Kline v. Burke Const. Co.*, 260 U.S. 226, 235 (1922) (holding that deference to the court that first acquires jurisdiction over the *res* in question "is a rule of right and of law based upon necessity."). This scenario is often described in jurisdictional terms, but "the principle involved is more accurately described as a prudential doctrine in which a second court with concurrent jurisdiction will exercise its discretion to defer to another court for the sake of comprehensive disposition of rights in a particular piece of property." *Levy v. Lewis*, 635 F.2d 960, 966 (2d Cir. 1980). Although this principle predated the *Colorado River* decision, the Supreme Court discussed its application and clearly enshrined its principles within the *Colorado River* rubric. *Colorado River*, 424 U.S. at 818-19. The preexisting exercise of jurisdiction over a piece of property by the state court clearly favors abstention in a subsequent federal proceeding involving the same property. In this case, it is undisputed that the state case involving the property in question predates the present federal case.

In the state suit, Kenner Acquisitions, as successor-in-title to Schwegmann's, seeks a declaration that it is the owner of the parcel in question, to the exclusion of the Levee Board. (R. Doc. 9-2, p. 3).  This is, without question, a suit in which the state court is exercising  jurisdiction over the property. The Louisiana Code of Civil Procedure provides that "[a] court which is otherwise competent under the laws of this state has jurisdiction to enforce a right in, to, or against property having a situs in this state, claimed or owned by a nonresident." La. Code Civ. Pro. art. 8.  The commentary to this article clarifies that jurisdiction over the property is a natural result of the situs of the property and attaches irrespective of the operation of personal jurisdiction:

> The language of this article does not expressly
> include the case of an action in rem against property
> in this state owned by a Louisiana domiciliary, as
> such a case presents no jurisdictional problem.  Not
> only would the court have jurisdiction over the
> property, but the defendant may be served with
> process personally, thus giving the court
> jurisdiction over him personally.

La. Code Civ. Pro. art 8 cmt. b.  Although the state court declaratory judgment action is not an *in rem* proceeding in the sense that the litigation commenced against the property itself, this type of case has been treated as *in rem* or *quasi in rem* by courts that have applied the "first court to assert jurisdiction"

rationale.  *See Smith v. Humble Oil*, 425 F.2d at 1288;  *Key v. Wise*, 629 F.2d 1049, 1059-60 (5th Cir. 1980).  The property is the same property that is at issue in the present case – "immovable Property located in the City of Kenner, Parish of Jefferson, State of Louisiana, commencing at the intersection of the northerly right of way line of Airline Drive and the Jefferson/St. Charles line encompassing approximately 16.84 acres." (R. Doc. 9-2, ¶ 4; *see also* R. Doc. 1, ¶ 5).  As it is clear the state court has already exercised jurisdiction over the property at issue in this case, the first *Colorado River* factor strongly supports abstention.


### 2.   *Inconvenience of forums*

The second factor is neutral; neither party is particularly inconvenienced by the respective forums.  Accordingly, the Court considers this factor as weighing against abstention.


### 3.   *Avoidance of piecemeal litigation*

As the Fifth Circuit has noted, a significant concern in considering abstention "is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650-51 (5th Cir. 2000).  This

9

factor weighs in favor of abstention.  Were this case to
progress, this Court and the state court would be determining the
same issue with respect to the same piece of property: whether
the Levee Board validly acquired the property through
expropriation.  This could result in the two courts issuing
contradictory rulings.  Accordingly, the Court finds that this
factor supports abstention.

### 4.   The order in which jurisdiction was obtained

Without question, the state court gained jurisdiction over
the property first.  The state case began in the year 2001.  The
present case commenced in 2006.  Consequently, the court finds
that this factor supports abstention.

### 5.   Impact of federal law

There is no allegation that federal law provides the rules
of decision in either of the cases.  This is a property dispute
to be decided purely on the basis of state law.  Accordingly, the
Court finds that this factor supports abstention.

*6.   Protecting interests*

The state litigation will protect the interests of both parties to this suit.  Kenner Acquisitions is the plaintiff in both cases.  Its interest is the same in each case – to void the expropriation and obtain clear title to the entire property. BellSouth, although not a party to the state suit, is a successor to a party in that suit.  Further, BellSouth, whose title to the servitude derives from the Levee Board, is protected by the Levee Board's defense of its title.  Thus, the Court finds that this factor supports abstention.  Furthermore, if the state court resolves the ownership issue in favor of Kenner Acquisitions, this Court can thereafter lift the stay to determine if any damages are due from BellSouth's alleged trespass.

Having considered all of the above factors, the Court has determined that abstention is proper.  The Court will therefore stay the case until the parallel state case is resolved.

**B.   BellSouth's Other Motions**

Because the Court has determined that abstention is proper, the Court does not now address the other motions.  The motions are denied without prejudice to their being re-urged at the appropriate time.

11

**III. CONCLUSION**

For the foregoing reasons, the motion is GRANTED IN PART and DENIED IN PART.  The matter is stayed and administratively closed pending the resolution of the state litigation.


New Orleans, Louisiana, this <u>26th</u> day of February, 2007.


*Sarah Vance*
————————————————
SARAH S. VANCE
UNITED STATES DISTRICT COURT

12